IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURA ELLEN CARTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 21-698 ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) |
| Defendant. | ) |

**O R D E R**

AND NOW, this 22nd day of September, 2022, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 17) filed in the above-captioned matter on February 16, 2022,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 15) filed in the above-captioned matter on January 14, 2022,

IT IS HEREBY ORDERED that said Motion is GRANTED. This matter is hereby remanded to the Commissioner of Social Security ("Commissioner") for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.    Background**

Plaintiff Laura Ellen Carter protectively filed a claim for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-434, effective May 15, 2016, claiming that she became disabled on April 6, 2009, due to open angle right eye glaucoma, inoperable cataract left eye exotropia causing double vision, lattice degeneration in both eyes, and continuation of retinal tears. (R. 21, 204-09, 231). Her claim was denied initially on July 5,

2016, and upon reconsideration on August 23, 2016. (R. 21, 136-40, 142-44). Thereafter, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on March 26, 2018. (R. 148, 34-108). In a decision dated August 22, 2018, the ALJ denied Plaintiff's request for benefits. (R. 21-28). The Appeals Council declined to review the ALJ's decision on July 24, 2019. (R. 1-4).

Plaintiff filed an appeal with the United States District Court, and on April 15, 2020, the Honorable Donetta Ambrose granted the Commissioner's Consent Motion to Remand and remanded the matter back to the Commissioner. (R. 778-84). By way of an order dated August 14, 2020, the Appeals Council vacated the August 22, 2018 decision and remanded the matter to a different ALJ for reevaluation and further consideration. (R. 790-91). A telephonic hearing was held on October 30, 2020. (742-77). In a decision dated January 28, 2021, the new ALJ again denied Plaintiff's request for benefits. (R. 723-34). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

**II.     Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting § 405(g)); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence). If the district court finds

this to be so, it must uphold the Commissioner's final decision.  *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently."  *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986)).

"Substantial evidence" is defined as "more than a mere scintilla."  *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*; *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'"  *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)).  "'Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion.'"  *Id.*  So as to facilitate the district court's review, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[]."  *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Decisions that are conclusory in their findings or indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence. *See id.* at 705-06.  Moreover, the Court must ensure the ALJ did not "reject evidence for no reason or for the wrong reason."  *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period.  *See Fargnoli v. Massanari*, 247 F.3d 34,

38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" *Id.* at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process in guiding ALJs in determining whether a claimant is under a disability as defined by the Act. *See* 20 C.F.R. § 404.1520. At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity. *See* 20 C.F.R. § 404.1520(a)(4)(i). If so, the disability claim will be denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. *See* 20 C.F.R. § 404.1520(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the ALJ must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. *See* 20 C.F.R. § 404.1520(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

In considering these steps, the ALJ must formulate the claimant's residual functional capacity ("RFC"). A claimant's RFC is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments. *See Fargnoli*, 247 F.3d at 40; 20 C.F.R. § 404.1545(a). At Step Four, it is the claimant's burden of demonstrating an inability to perform

4

his or her past relevant work. *See Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). If the ALJ determines that the claimant lacks the RFC to resume his or her former occupation, the evaluation then moves to the fifth and final step. *See* 20 C.F.R. § 404.1520(a)(4)(iv).

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. *See* 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the ALJ must consider the claimant's RFC, age, education, and past work experience. *See id.* The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. *See* 20 C.F.R. § 404.1523.

### III.    The ALJ's Decision

In her January 28, 2021 decision, the ALJ found that Plaintiff met the insured requirements of the Act through December 31, 2013. (R. 726). The ALJ then proceeded to apply the sequential evaluation process. In particular, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset date of April 6, 2009. (*Id.*). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had the severe impairments of left eye sclera buckle, retinal detachment, cataract, glaucoma, major depressive disorder, and generalized anxiety disorder. (*Id.*). The ALJ found that Plaintiff's hypertension and right knee pain did not qualify as severe impairments. (R. 726-27). The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 727-28).

The ALJ found that Plaintiff retained the RFC to perform a full range of work at all exertional levels with the following additional limitations:

- She can never work at unprotected heights;
- She can never work with moving mechanical parts;
- She can never operate a commercial motor vehicle;
- Her reading is limited to 10-minute increments; and
- She is able to perform simple, routine tasks.

(R. 728-32).  At Step Four of the process, the ALJ used a vocational expert ("VE") to determine that Plaintiff was unable to perform any of her past relevant work.  (R. 732).  At Step Five, the VE testified that, based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform a significant number of jobs in the national economy, including the representative occupations of kitchen helper, machine feeder, and hand launderer.  (R. 765-66, 772).  The ALJ adopted the VE's findings and overruled Plaintiff's objections to the VE's testimony.  (R. 732-33).  Accordingly, the ALJ found that Plaintiff was not disabled.  (R. 733-34).

**IV.     Legal Analysis**

Plaintiff raises two arguments as to why this matter should be remanded to the Commissioner.  First, she argues that the ALJ erred in failing to address rebuttal vocational evidence submitted by Plaintiff after the hearing that she claims contradicted the VE's testimony.  Second, she contends that the Appeals Council exercised illegitimate authority over her DIB application because the Commissioner from whom the Council derived its authority was not properly appointed.  The Court agrees with Plaintiff as to her first point, but not as to her second point.  It will, therefore, remand this matter for further consideration.

In addition to extensively questioning the VE and raising objections to the VE's testimony at the administrative hearing (R. 767-75), Plaintiff sought, and obtained, permission to file rebuttal vocational evidence, specifically "another opinion from another vocational expert." (R. 775).  Just over two weeks later, Plaintiff submitted a vocational report dated December 15, 2020, by Daniel M. Rappucci, M.A., LRC, LPC.  (R. 889-902).  Consistent with Plaintiff's

assertions, Mr. Rappucci's findings were, in fact, in opposition to those of the VE with regard to Plaintiff's ability to perform the jobs of kitchen helper, machine feeder, and hand launderer. Plaintiff argues that the ALJ erred in failing to address this valid rebuttal evidence in rendering her decision.

Plaintiff's argument as to her entitlement to submit rebuttal vocational evidence is premised primarily on a position taken by the Commissioner in *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019), and a footnote in Social Security Ruling 96-9p, which instructs ALJs in their consideration of claimants who are capable of less than a full range of sedentary work. *See* 1996 WL 374185, at *9 n.8 (July 2, 1996) ("Whenever a VE is used, the [claimant] has the right to review and respond to the VE evidence prior to the issuance of a decision."). Courts diverge as to whether the opportunity to present post-hearing rebuttal evidence is an entitlement. *Compare Tonti v. Saul*, No. CV 20-92, 2021 WL 518178 (W.D. Pa. Feb. 11, 2021), *with Allen v. Comm'r of Soc. Sec.*, 475 F. Supp. 3d 413 (M.D. Pa. 2020).

Nonetheless, because the ALJ specifically agreed to hold the record open for Plaintiff to submit her rebuttal evidence, the Court need not weigh in on the issue of whether the ALJ was required to afford her the opportunity to do so. *Cf. Tonti*, 2021 WL 518178, at *3 ("Here, Tonti neither objected to the VE's testimony at the hearing nor obtained any agreement from the ALJ either prior to the hearing to hold the proceedings open for post-hearing submissions."). Once the supplemental vocational evidence became part of the record, the ALJ was required to consider it along with all the "relevant, probative and available evidence." *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979). *See Plummer*, 186 F.3d at 433. This is consistent with the statement in footnote 8 to SSR 96-9p that "[t]he VE's opinion is not binding on an adjudicator, but must be weighed along with all other evidence." 1996 WL 374185, at *9 n.8.

This does not end the analysis, though, because the parties dispute whether the ALJ did, in fact, address Mr. Rappucci's findings by overruling Plaintiff's "objections to the Vocational Expert's testimony in the current matter, on the basis of the hypothetical and ability to perform other jobs." (R. 733). Frankly, the answer is not entirely clear. The ALJ did, in fact, specifically reference Exhibit 26E, which is Mr. Rappucci's report. (*Id.*). However, as Plaintiff points out, she did not address the substance of that report and merely found that the VE's testimony "conforms to the rules and regulations of the Social Security Administration and is therefore accepted." (*Id.*). Plaintiff argues that merely finding the VE's testimony to be "compliant" does not address the substantive challenges to the VE's testimony or Mr. Rappucci's contrary findings.

Thus, it is not clear whether the ALJ's analysis was meant to constitute a consideration of the rebuttal vocational evidence. While citing the exhibit number, she addressed none of the findings contained therein. As Plaintiff points out, the issue here was not really whether the VE's testimony conformed to the rules and regulations of the SSA, but rather whether Mr. Rappucci's rebuttal evidence outweighed the VE's opinion. Because it is unclear to the Court just how the ALJ treated the rebuttal vocational evidence, it will remand for a clearer explanation as to how this evidence factored into the ALJ's finding at Step Five that Plaintiff could perform the occupations of kitchen helper, machine feeder, and hand launderer. The Court emphasizes, however, that "[t]he ALJ is required to 'consider' the written post-hearing submission, 'but nothing more,' and may then conclude that the VE's opinion, when consistent with the DOT and based on the VE's experience, is more credible." *Murnahan v. Comm'r of Soc. Sec.*, No. 3:19-CV-01348, 2020 WL 7024847, at *6 (N.D. Ohio Nov. 30, 2020).

Plaintiff's second argument is premised on the Supreme Court's relatively recent decision in *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020). Based on that decision, many Social Security claimants have argued before the courts that the Act's purported insulation of the Commissioner from removal except for cause is a separation-of-powers violation. *See Andino v. Kijakazi*, No. CV 21-2852, 2022 WL 1135010, at *6 (E.D. Pa. Apr. 18, 2022) (collecting cases). Plaintiff here argues that the Act's violation of the separation-of-powers doctrine rendered the Commissioner's delegation of authority to the Appeals Council constitutionally defective, and therefore that the Appeals Council lacked legitimate authority over her claim. She further asserts that her case was decided pursuant to regulations issued by former Commissioner Andrew Saul though he had no authority to promulgate them.

This Court recently addressed this *Seila Law* issue in *Candusso v. Kijakazi*, No. CV 21-437, 2022 WL 3447306 (W.D. Pa. Aug. 17, 2022). In *Candusso* the Court explained that a claimant who challenges his/her disability determination based on the separation-of-powers violation in the Act must show the nexus "between the harm and unconstitutional provision." *Id.* at *3 (citing *Andino*, 2022 WL 1135010, at *6; *Collins v. Yellen*, 141 S. Ct. 1761, 1788-89 (2021)). In this matter, Plaintiff's only alleged injury is that the denial of review by the Appeals Council was not "constitutionally valid." (Doc. No. 21, p.5). As the Court explained in *Candusso*, such broad allegations of harm do not demonstrate compensable harm arising from the unconstitutional removal-restriction provision. The issues here are not relevantly distinguishable from those in *Candusso*, and therefore, the Court rejects this argument for remand.

## V. <u>Conclusion</u>

In short, the record does not permit the Court to determine whether the ALJ's Step Five finding that Plaintiff was capable of performing a significant number of jobs in the national economy is supported by substantial evidence. Accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands the case to the Commissioner for reconsideration consistent with this Order, particularly in regard to the consideration of the rebuttal vocational evidence submitted by Plaintiff.

<u>s/Alan N. Bloch</u><br>
United States District Judge

ecf:	Counsel of record